# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE WALLACE, | ) |
|     Plaintiff, | ) Civil Action No. 2: 16-cv-01837 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| CORRECT CARE SOLUTIONS, LLC; | ) |
| MARK HAMMER, PA; and MARIA | ) |
| MOLLURA, Administratrix of the Estate | ) |
| of Joseph Mollura, M.D., | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Before the Court is the Motion to Dismiss filed by Defendants Correct Care Solutions, LLC., Mark Hammer, P.A., and Joseph Mollura, M.D.,[2] with brief in support (ECF Nos. 59 and 60), and Plaintiff's response in opposition. (ECF No. 62). After careful consideration of the motion and brief, in light of the standards governing motions to dismiss set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009), and as articulated in United States Court of Appeals Third Circuit precedent, *see, e.g., Connelly v. Lane Const. Corp.,* 809 F.3d 780, 790 (3d Cir. 2016), and for the following reasons, the motion will be denied.

---

[1] All parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et. seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 32 and 55).

[2] Counsel for Defendant Joseph Mollura, M.D., has advised the Court that Dr. Mollura died on April 2, 2016. Accordingly, counsel for Plaintiff filed a motion to substitute party seeking to substitute the administratrix of his estate as a defendant in place of Dr. Mollura. (ECF No. 63). Without objection, the motion was granted on April 24, 2018, and Maria Mollura, as administratrix of the estate of Joseph Mollura, M.D., was substituted as a named defendant in this proceeding. (ECF No. 66).

Background

Plaintiff Tyree Wallace ("Plaintiff" or "Wallace") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at SCI - Smithfield. The events giving rise to this lawsuit occurred while Wallace was incarcerated at SCI-Pittsburgh. Wallace initiated this lawsuit through the filing of a *pro se* complaint; however, on September 8, 2017, counsel entered an appearance for Wallace and on March 2, 2018, Wallace, through counsel, filed a two-count Amended Complaint in which he alleges in Count I that Defendant Mollura and Hammer violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs and in Count II that Defendants Mollura, Hammer, and Correct Care Solutions, LLC, committed professional negligence as they violated their duty of care owed to Wallace. (ECF No. 57). The Amended Complaint remains Plaintiff's operative pleading.

For purposes of resolving the pending motion, the facts as alleged in the amended complaint, are viewed in the light most favorable to Plaintiff, and liberally construed. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Discussion

Through his Amended Complaint, Wallace alleges that on October 4, 2014, he had facial reconstructive surgery at Mercy Hospital. Upon discharge, his surgeon, Dr. Wang, instructed prison officials to return Wallace the following week to have his sutures and bolster[3] removed. Wallace alleges that he spoke with both Dr. Mollura and PA Hammer about the need to have his sutures removed. On October 17, 2014, approximately thirteen days post-op, Wallace was

---

[3] "A bolster is a dressing that is sewn over a wound with sutures, to hold reconstructed tissue in place." Amended Complaint at ¶ 20.

transported back to Mercy Hospital to be seen by Dr. Wang. The nursing note from that visit states:

> Patient had surgery on Oct 4, 2014 for scar contractures of the nose, columella, upper lip and philitrum. <u>Patient was to come last week but the jail did not send him.</u> The bolster fell off 5 days ago but the sutures were still intact, sutures removed by Dr. Wang and incision areas were shaved. Patient return in two weeks. Instructions were sent with the guards on wound care. The guards stated Tyree should be able to keep supplies in his cell and change his own dressing.

Amended Complaint, at ¶ 32 (emphasis added). Dr. Wang told Wallace that because the medical staff at SCI Pittsburgh had failed to bring him to her office to remove the sutures, or in the alternative remove the sutures themselves, skin had grown completely over the sutures, sealing them in Wallace's upper lip. As a result, Wallace was informed that most likely the pigment in his lip would not return and there would be gross scarring. *Id*. at ¶ 35. After Wallace was returned to SCI Pittsburgh, Wallace was denied any pain medication, which resulted in him experiencing severe pain caused by the new wounds to his upper lip.

Defendants filed the instant motion to dismiss (ECF No. 59) arguing that Wallace has failed to state a claim upon which relief may be granted. This matter is now ripe for consideration.

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged to "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eight Amendment." *Id*. at 104 (citation omitted). In *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978), the United States Court of Appeals for the Third Circuit, instructed that "deliberate indifference to serious medical needs, resulting in [] <u>a denial of recommended post-</u>

3

operative treatment . . . violates the constitutional standard enunciated in *Estelle*." (emphasis added).

The Court finds that Wallace has alleged enough to create plausible Eighth Amendment and professional negligence claims. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to either of these claims, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Wallace's favor.

## Conclusion

For the reasons stated herein, the Motion to Dismiss (ECF No. 59) will be denied. An appropriate Order follows.

## ORDER OF COURT

**AND NOW**, this 29th day of May, 2018, it is hereby ORDERED that the motion to Dismiss (ECF No. 59) is **DENIED**. It is further ORDERED that Defendants shall file a responsive pleading on or before June 13, 2018, in accordance with Federal Rule of Civil Procedure 12(a)(4).

                                                         s/ Cynthia Reed Eddy
                                                         Cynthia Reed Eddy
                                                         United States Magistrate Judge

cc:    John F. Mizner
        Mizner Firm
        (via ECF electronic notification)

        Alan S. Gold
        Gold & Ferrante, PC
        (via ECF electronic notification)